IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 2:07-CV-32-D

| | |
|---|---|
| ANDRE LAMAR WOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

On August 15, 2007, plaintiff Andre Lamar Woody ("Woody"), a state inmate, filed this action pro se pursuant to 42 U.S.C. § 1983. Woody also sought permission to certify his claim as a class action. On October 3, 2007, the court denied Woody's motion for certification, and dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). On October 11, 2007, Woody filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). As explained below, the motion for reconsideration is denied.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D.

Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Woody must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Woody asserts that the court erred because, in accordance with Church v. Att'y Gen. of the Commonwealth of Va., 125 F.3d 210 (4th Cir. 1997), it should have allowed him to amend his complaint before dismissing it as frivolous. In Church, the Fourth Circuit held that a district court applying pre-PLRA law erred in dismissing the plaintiff's action as frivolous after the plaintiff partially paid his filing fee. See Church, 125 F.3d at 215. In this case, Woody has not paid any portion of his filing fee. Additionally, even if the court permitted Woody to amend his complaint, his claim still would be dismissed as frivolous because, inter alia, it is barred pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, Woody has not demonstrated a clear error of law.

As for the remainder of Woody's motion, he fails to specify error in this court's judgment, but simply re-argues the issues the court already has decided. Woody fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. Additionally, the court finds no error of law with respect to its treatment of Woody's case. Therefore, Woody's motion for reconsideration is DENIED.

SO ORDERED. This 9 day of November 2007.

JAMES C. DEVER III
United States District Judge